STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 1609

STATE OF LOUISIANA

VERSUS

ANTHONY CHRISTOPHER DEARMAS

Judgment Rendered: **'JUL 2 4 2020**

\* \* \* \* \* \* \*

APPEALED FROM THE
TWENTY-SECOND JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF ST. TAMMANY
STATE OF LOUISIANA
DOCKET NUMBER 590,763, DIVISION H
HONORABLE ALAN A. ZAUNBRECHER, JUDGE

\* \* \* \* \* \* \*

| | |
|---|---|
| Warren L. Montgomery<br>District Attorney<br>And<br>J. Bryant Clark, Jr.<br>Assistant District Attorney<br>Covington, Louisiana | Attorneys for Appellee<br>State of Louisiana |
| Lieu T. Vo Clark<br>Mandeville, Louisiana | Attorney for Defendant/Appellant<br>Anthony Christopher Dearmas |

**BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.**

**McDONALD, J.**

Defendant, Anthony Christopher Dearmas, was charged by bill of indictment with first degree murder, a violation of La. R.S. 14:30. He pled not guilty and not guilty by reason of insanity. The case proceeded to a trial by jury, and defendant filed a written motion asking that a unanimous jury be required for a conviction before the case was sent to the jury for deliberations, which was denied by the trial court. After the trial, defendant was found guilty as charged by a vote of eleven of the twelve jurors. Defendant again raised the issue of a requirement for a unanimous jury in a motion for new trial, which was denied by the trial court.

The trial court imposed a term of life imprisonment at hard labor, to be served without the benefit of probation, parole, or suspension of sentence. Defendant now appeals assigning as error the trial court's determinations as to the constitutionality of his conviction by a non-unanimous jury verdict and the retroactivity of the recent amendments to La. Const. art. I, §17(A) and La. Code Crim. P. art. 782(A).

However, in the recent decision of **Ramos v. Louisiana**, __ U.S. __, 140 S.Ct.1390, 1397, __ L.Ed.2d __ (2020), the United States Supreme Court overruled **Apodaca v. Oregon**[1] and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further indicated that its ruling may require retrial of those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. **Ramos**, 140 S.Ct. at 1406. *See also* **Schriro v. Summerlin**, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004) (observing that when a decision of the

---

[1] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in **Apodaca v. Oregon**, 406 U.S. 404, 412-13, 92 S.Ct. 1628, 1634, 32 L.Ed.2d 184 (1972). **Johnson v. Louisiana**, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with **Apodaca**, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts.

2

United States Supreme Court results in a new rule, that rule applies to all criminal cases still pending on direct review); **State v. Myles**, 19-0965 (La. App. 4 Cir. 4/29/20), 2020 WL 2069885, at *1.

## CONCLUSION

Accordingly, defendant's conviction and sentence are set aside, and the case is remanded for a new trial. We pretermit consideration of the other issue raised on appeal regarding the retroactivity of the recent amendments to La. Const. art. I, §17(A) and La. Code Crim. P. art. 782(A).

**CONVICTION AND SENTENCE SET ASIDE; REMANDED FOR NEW TRIAL.**